UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DR. THOMAS HOUSE, ET AL. | Plaintiffs/Counterclaim Defendants |
| v. | Civil Action No. 3:16-cv-00594-RGJ |
| PLAYERS' DUGOUT, INC., ET AL. | Defendants/Counterclaim Plaintiffs |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendants and Counterclaim Plaintiffs Joseph A. Newton ("Joe Newton"), Joseph John Newton ("Joseph Newton") (collectively, the "Newtons"), and Players' Dugout, Inc. ("PDI") (collectively, "Defendants") submitted a Bill of Costs and Motion for Costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. [DE 187]. Plaintiffs and Counterclaim Defendants Dr. Thomas House ("Dr. House") and the National Pitching Association, Inc. ("NPA") (collectively, "Plaintiffs") Objected [DE 189], and Defendants Replied. [DE 191]. This matter is ripe. For the reasons below, Defendants' Bill of Costs [DE 187] is **GRANTED in part** and **DENIED in part** and Plaintiffs' Objections [DE 189] are **SUSTAINED in part** and **OVERRULED in part**.

**I.     BACKGROUND**

The Court has set forth the background in its previous Orders on motion in limine and motion for attorney fees and renewed judgment as a matter of law and incorporates those by reference. [DE 164; DE 184].

**III.     STANDARD**

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding

1

costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)). The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

## IV.     DISCUSSION

Defendants request costs for depositions transcripts used in the case totaling $9,639.60 and attach invoices. [DE 187]. Plaintiffs object, arguing that Defendants are not the overwhelming prevailing party and citing the Court's previous order, in which the Court noted Plaintiffs' high degree of success, granted Plaintiffs' motion for attorney fees as a whole, and reduced Defendants' fee award. [DE 189 at 3708-09]. Plaintiffs also note their bill of costs, which is nearly half Defendants.'[1]

Plaintiffs argue costs are allowed to "the prevailing party" and cite a case that states, "usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." [DE 189 at 3708 (citing *Pedreira v. Kentucky Baptist Homes for Child., Inc.*, No. 3:00-CV-00210, 2012 WL 1038111, at *6 (W.D. Ky. Mar. 27, 2012)) *and* Wright & Miller, Federal Practice & Procedure § 2667)]. Defendants argue "the apportionment of costs is not a zero-sum game" where, as here, "multiple parties assert multiple claims, each prevailing on some claims but not others." [DE 191 at 9712]. The Court would note, as it did in its previous order, that Plaintiffs prevailed on all—not some—of the claims they asserted.[2] And the Court's previous analysis on attorney fees found both parties were prevailing on Lanham Act claims, but reduced Defendants' attorney fee award by a percentage; only the Lanham Act claims allowed for recovery of attorney fees, so the Court apportioned and reduced their total fee proportionally to the Lanham Act claims Defendants succeeded upon. [*See* DE 184].

Defendants submit costs for transcripts that can be broken down into two types: deposition transcripts and trial transcripts. [DE 187]. The expense of transcripts, including deposition and

---

[1] Defendants have filed no objection to this bill of costs for $4,573.20, and the time for doing so has passed.
[2] Plaintiffs brought ten claims and prevailed upon all. Defendants brought nine counterclaims and prevailed upon four. The Court further analyzed these claims and the parties' recoveries in its Order on attorneys' fees. *See* [DE 184].

3

trial transcripts, are taxable only when "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Crawford Fitting Co.*, 482 U.S. at 440; *see also White & White, Inc.*, 786 F.2d at 731–32.

As for the deposition transcripts, as Plaintiffs argue and Defendants note, this is no ordinary zero-sum game case: both parties prevailed as plaintiffs here, and Defendants on only some of their claims as counterclaim Plaintiffs.[3] Yet, "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Furthermore, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.* As the Court has already determined, Defendants are a prevailing party here and are thus entitled to their costs as a prevailing party. The Court finds the taking and transcribing of depositions was reasonably necessary for the litigation here, and Plaintiffs have not overcome the presumption of awarding this cost. *White & White, Inc.*, 786 F.2d at 732 ("it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."). Plaintiffs' Objections [DE 189] are thus overruled in part and Defendants are granted costs for deposition transcripts.[4]

"Generally, courts do not deem daily trial transcripts 'necessary,' and hence do not award costs for these transcripts." *Boynton v. Headwaters, Inc.*, No. 102CV01111JPMEGB, 2012 WL 12915411, at *3 (W.D. Tenn. Mar. 13, 2012) (citing *White & White, Inc.*, 786 F.2d at 731–33). In the Court's extensive knowledge of the case and the claims involved, the Court sees no reason for the necessity of daily trial transcripts for Defendants' prevailing party claims, and the Court finds these transcripts unnecessary. Furthermore, these transcripts are inappropriate because they make

---

[3] The Court analyzed this in its order on attorneys' fees. [*See* DE 184].
[4] The Court calculates this number, based on Defendants' Bill of Costs [DE 187], to be $3,758.25.

4

Defendants' costs unreasonably large. *See Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959). Plaintiffs' Objections [DE 189] are thus sustained in part and the Court denies costs to Defendants for trial transcripts.

Having granted costs to Defendants, and Plaintiffs receiving unobjected costs, the "Court concludes that the award of costs to plaintiff[s are] properly set off against the award of costs to defendant[s]." *Porter v. Caruso*, No. 1:05-CV-562, 2009 WL 1212808, at *3 (W.D. Mich. Apr. 30, 2009).

## IV.     CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Bill of Costs [DE 187] is **GRANTED in part** and **DENIED in part;**

(2) Plaintiffs' Objections [DE 189] to Defendants' Bill of Costs are **SUSTAIND in part** and **OVERRULED in part**;

(3) Defendants **SHALL** pay to Plaintiffs their costs, in the net amount of $814.95. Payment to Plaintiffs shall be forwarded to counsel of record within thirty days of the entry of this Order.

Rebecca Grady Jennings, District Judge
United States District Court

November 21, 2022

Cc:     Counsel of record